**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-CR-78 JCM (RJJ) |
| Plaintiff, | |
| v. | |
| SAMUEL DAVIS and SHAWN RICE, | |
| Defendants. | |

**ORDER**

Presently before the court are the report and recommendation of Magistrate Judge Johnston. (Doc. #256).

Defendant filed a "motion to dismiss the pleadings and indictment issued by the government with prejudice for lack of standing and no real party in interest" on June 14, 2012. (Doc. #244). The motion asserts that the United States Attorney lacks jurisdiction over defendant because Congress has only conferred legal standing on the "United States," but defendant was charged in this case by the "United States of America." (Doc. #244).

The magistrate judge recommends that the court deny defendant's motion. First, the magistrate judge notes that the deadline for filing pretrial motions has "long since passed." (Doc. #256). The deadline for pretrial motions in this case was April 5, 2009. (Doc. #11). Thus, defendant's June 14, 2012, filing was well-after the pretrial motion deadline, and the magistrate judge recommends that the court deny defendant's motion as untimely. Second, the magistrate judge states that defendant's distinction between the "United States of America" and "United States" is entirely frivolous and without legal basis. Accordingly, the magistrate judge also recommends that

**James C. Mahan**
**U.S. District Judge**

this motion be denied on the merits. (Doc. #256).

The court agrees that defendant's motion to dismiss (doc. #256) should be dismissed as untimely and without merit. Accordingly, the magistrate judge's report and recommendation are affirmed, and defendant's "motion to dismiss the pleadings and indictment issued by the government with prejudice for lack of standing and no real party in interest" (doc. #244) is denied.

After the magistrate judge issued the instant report and recommendation, defendant filed four more motions to dismiss. (Docs. #258, #260, #262, and #265). Similar to the motion to dismiss discussed above, these motions to dismiss are untimely because the deadline for filing pretrial motions was April 5, 2009. (Doc. #11). Further, the legal arguments in these motions are not meritorious. Therefore, the motions also should be dismissed on the merits. Finally, at calendar call on July 18, 2012, defendant submitted two documents to the court for *in camera* review.

**1. Motion to dismiss indictment due to Speedy Trial Act violation (doc. #258)**

First, defendant moves to dismiss the indictment due to an alleged Speedy Trial Act violation. (Doc. #258). The government filed an opposition (doc. #268), to which defendant filed a reply (doc. #281).

"The defendant has the burden of proving that the delay meets the criteria for dismissal." *United States v. Medina*, 524 F.3d 974, 981 (9th Cir. 2008); *see also* 18 U.S.C. § 3162(a)(2) ("The defendant shall have the burden of proof of supporting" a motion to dismiss for a Speedy Trial Act violation). However, the government has the burden of going forward with any exclusion under 18 U.S.C. § 3161(h)(3). *See* 18 U.S.C. § 3162(a)(2).

Defendant argues that 82 non-excludable days have passed since he made his initial appearance on March 6, 2009. Therefore, this court is obligated to dismiss the indictment pursuant to 18 U.S.C. § 3162(a)(2). (Doc. #258). Specifically, defendant points to two time periods which were not covered by a continuance: March 6, 2009, to May 7, 2009, and December 22, 2011, to February 16, 2012. According to defendant's calculations, these time periods include 82 non-excludable days, and the indictment should be dismissed. (Doc. #258).

Defendant was scheduled to go to trial on the money laundering charges on June 21, 2010.

(Doc. #127). However, defendant subsequently did not appear for two hearings, calendar call, and the June 21, 2010, trial. (Docs. #133, #135, and #153). Thus, the court issued a warrant for defendant's arrest on March 15, 2010. (Docs. #137 and #138).

Pursuant to 18 U.S.C. § 3161(h)(3)(B), a defendant is absent "when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence."

The court finds that defendant was absent as defined by 18 U.S.C. § 3161(h)(3) at least from the date the warrant was issued until defendant's subsequent arrest in Arizona on December 22, 2011. Defendant subsequently appeared in this court on January 19, 2012. (Doc. #220).

Defendant's Speedy Trial Act calculations do not account for 18 U.S.C. § 3161(k)(1). Pursuant to this statute,

> If the defendant is absent (as defined by subsection (h)(3)) on the day set for trial, and the defendant's subsequent appearance before the court on a bench warrant or other process or surrender to the court occurs more than 21 days after the day set for trial, the defendant shall be deemed to have first appeared before a judicial officer of the court in which the information or indictment is pending . . . on the date of the defendant's subsequent appearance before the court.

18 U.S.C. § 3161(k)(1). "[W]hen the defendant is absent or unavailable at the date of his trial and does not appear before the court within 21 days, § 3161(k)(1) resets the speedy trial clock to begin running on the date of such appearance." *United States v. Serrano*, 197 Fed. Appx. 906, 908-09 (11th Cir. 2006); *see also United States v. Ochoa-Calderon*, 2012 WL 1805074, at *2 (D. Neb. 2012) (stating that the "speedy trial clock does not start until defendant appears before a judge in the [charging district]").

Here, defendant was absent as defined by 18 U.S.C. § 3161(h)(3) on the date of his trial on June 21, 2010, and did not appear before a judge in the charging district until January 19, 2012. This time period far exceeds the 21-day limit specified in 18 U.S.C. § 3161(k)(1). Therefore, defendant's speedy trial clock was reset on January 19, 2012, the date of his subsequent appearance in this

1  district. 18 U.S.C. § 3161(k)(1). On February 22, 2012, the court filed an order to continue trial,
2  granting defendant's stipulation to continue and excluding time from March 13, 2012, until June 23,
3  2012. (Doc. #230).

4  At most, there have been 54 non-excludable days from defendant's subsequent appearance
5  before this court on January 19, 2012, until the first trial setting on March 13, 2012. Accordingly,
6  the delay does not meet the criteria for dismissal due to a Speedy Trial Act violation. *See Medina*,
7  524 F.3d at 981; 18 U.S.C. § 3162(a)(2).

**2. Motion to dismiss for "failure to state a claim upon which relief can be granted with negative averment admissions" (doc. #260)**

Although the motion states that it is a motion to dismiss for failure to state a claim upon which relief can be granted, closer review of the motion reveals that it is a motion to dismiss for lack of subject matter jurisdiction. (Doc. #260).

Defendant argues that, pursuant to 27 C.F.R. § 72.11, all federal crimes are commercial and the instant charges are "merely victimless regulatory infractions." (Doc. #260). This argument is not meritorious. Section 72.11 provides definitions of terms used in provisions dealing with the disposition of seized personal property – this section does not state that all federal crimes are commercial. Section 72 "places no requirements upon the government in bringing criminal charges against the defendant . . . ." *United States v. Smoove*, 2008 WL 2275568, at *2 n.1 (D. Kan. 2008); *see also United States v. Hobbs*, 2012 WL 2426905, at *5 (E.D. Mo. 2012); *United States v. Petersen*, 2009 WL 3062013, at *3 n.5 (D. Minn. 2009); *Jones v. United States*, 2008 WL 2901050, at *2 (M.D. Fla. 2008).

The court already denied a similar motion to dismiss for lack of subject matter jurisdiction. (Doc. #174). In that order, the court found that it "has jurisdiction under 18 U.S.C. § 3231 over defendants who violate United States laws such as Rice." (Doc. #174). Thus, this court has already ruled on this issue. Further, the court notes that this motion should have been filed before the April 5, 2009, pretrial motion deadline. Accordingly, defendant's motion is both meritless and untimely.

**James C. Mahan
U.S. District Judge**

- 4 -

**3.     Motion to dismiss because 18 U.S.C. § 3231 is unconstitutional (doc. #262)**

Defendant's third motion to dismiss argues that public law 80-772 and 18 U.S.C. § 3231 were enacted by less than a quorum of Congress and are, therefore, unconstitutional. Thus, defendant asserts that this court lacks subject matter jurisdiction to prosecute defendant. (Doc. #262).

Every court to have considered such a claim has rejected it. For example, as recently as 2010, the Third Circuit has affirmed that "Section 3231 was properly enacted and is binding." *Wolford v. United States*, 362 Fed. Appx. 231, 232 (unpublished); *see also United States v. Mendez*, 2012 WL 1155712, at *4 (D. Nev. 2012); *United States v. Risquet*, 426 F. Supp. 2d 310, 311-12 (E.D. Pa. 2006). Further, this motion should have been filed before the April 5, 2009, pretrial motion deadline. Accordingly, defendant's motion is both meritless and untimely.

**4.     Motion "for dismissal, permanent injunction, publish and seal, clean and redact records, issuance by US Treasury debit cards, federal concealed weapons permit" (doc. #265).**

Defendant's last motion asks the court to issue six attached proposed orders. (Doc. #265). The motion does not include points and authorities in support of the motion, but rather simply asks the court "to issue the attached orders for the reasons stated in the orders . . . ." (Doc. #265). Among other forms of relief, the attached proposed orders would dismiss the indictment, grant defendant a diplomatic immunity passport, order news outlets to publish a statement regarding defendant's arrest, and order the United States Treasury to issue debit cards to defendant. (Doc. #265).

Pursuant to Local Rule of Criminal Practice 47-9, "The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion."

Here, defendant has not filed points and authorities in support of the motion and has, therefore, consented to denial of the motion. *See* Local Rule of Criminal Practice 47-9. Further, similar to the other motions discussed in this order, the instant motion to dismiss is untimely because it should have been filed prior to the April 5, 2009, pretrial motion deadline. Finally, the court finds that the proposed orders are meritless and declines to issue them on the merits.

**5. Documents submitted for *in camera* review at calendar call**

The court declines to consider the documents submitted for *in camera* review at calendar call. The court finds that these documents are improper *ex parte* communications. *See* Local Rule 7-6. Further, these documents are immaterial to the proceedings now before the court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Johnston (doc. #256) be, and the same hereby are, AFFIRMED in their entirety.

IT IS FURTHER ORDERED that defendant's motion to dismiss the pleadings and indictment issued by the government with prejudice for lack of standing and no real party in interest (doc. #244) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss indictment due to Speedy Trial Act violation (doc. #258) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss for failure to state a claim upon which relief can be granted (doc. #260) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss because 18 U.S.C. § 3231 is unconstitutional (doc. #262) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss and attached proposed orders (doc. #265) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that the court declines to consider the documents submitted by defendant for *in camera* review at calendar call. The court will maintain a copy of these documents.

DATED July 23, 2012.

UNITED STATES DISTRICT JUDGE