**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-CR-78 JCM (RJJ)<br>2:10-CR-520 JCM (RJJ) |
|           Plaintiff, | |
| v. | |
| SHAWN RICE, | |
|           Defendant. | |

**ORDER**

Presently before the court is *pro se* defendant Shawn Talbot Rice's motion for summary judgment. (Doc. # 295 in case 2:09-cr-00078; doc. # 62 in case 2:10-cr-00520). Also before the court is defendant's motion to show cause. (Doc. # 296 in case 2:09-cr-00078; doc. # 63 in case 2:10-cr-00520). The government has filed a consolidated response to both motions in both cases. (Doc. # 313 in case 2:09-cr-00078; doc. # 75 in case 2:10-cr-00520).

**I.     Motion for summary judgment**

Local Rule of Criminal Practice 47-9 states "the failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." LCR 47-9.

Here, the motion is not supported by any points and authorities. As such, the court finds that defendant has consented to denial of the motion. Further, the motion is not signed by defendant or anyone else. The motion appears to have been submitted by "Thomas Bradford, sui juris." Thomas Bradford, however, is neither a party to this action nor an attorney of record in this case.

Thus, the court finds denial of this motion appropriate.

. . .

**James C. Mahan**
**U.S. District Judge**

## II.    Motion to show cause

The motion to show cause includes a number of subsidiary motions.[1] These motions suffer similar deficiencies as defendant's motion for summary judgment; they are not supported by any points and authorities. As such, the court finds that defendant has consented to denial of these motions pursuant to LCR 47-9.

Further, the motion is signed by "Thomas Bradford, sui juris." Thomas Bradford, however, is neither a party to this action nor an attorney of record in this case.

Thus, the court finds denial of these motions appropriate.

## III.    Pending motion before Magistrate Judge Johnston & sentencing hearing

Defendant's sentencing hearing is currently scheduled before the court on December 27, 2012, at 10:00 a.m. However, there is a pending motion before Magistrate Judge Johnston requesting the court to direct Warden Veach or responsible party of Nevada Southern Detention Center at Pahrump Nevada to process defendant Rice's *in forma pauperis* application. (Doc. # 312 in case 2:09-cr-00078; doc. # 73 in case 2:10-cr-00520).

This motion is properly before the magistrate judge and he has not resolved the issue. Further, the court appreciates the importance of a criminal *pro se* defendant's ability to adequately prepare for critical stages of a proceeding. *See Gardner v. Florida,* 430 U.S. 349, 358, (1977) (sentencing is critical stage in criminal proceedings).

In light of this delay and because defendant has been unable to obtain important documents to present his position at the sentencing hearing, the court finds good cause for a continuance.

. . .

. . .

. . .

---

[1] (1) motion to show cause re: larceny; (2) motion to show cause re: larceny of property lost, mislaid and delivered by mistake; (3) motion to show cause re: larceny by trick; (4) motion to show case re: larceny by extortion; (5) motion to show cause re: aggravated larceny; (6) motion for equitable estoppel; (7) admissions statement; (8) admissions statement; (9) cestui que vie act 166; (10) motion for reparative injunction; (11) motion to show cause re: patent infringement; (12) motion to show case re: criminal contempt of court; (13) writ of quod billa cassetuer; (14) admissions statement; and (15) special power of attorney.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment (doc. # 295 in case 2:09-cr-00078; doc. # 62 in case 2:10-cr-00520) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to show cause (doc. # 296 in case 2:09-cr-00078; doc. # 63 in case 2:10-cr-00520) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the sentencing hearing be **continued to January 31, 2013, at 10:00 a.m.**

DATED December 21, 2012.

_____
**UNITED STATES DISTRICT JUDGE**