# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-CR-78 JCM (NJK) |
| Plaintiff, | 2:10-520 JCM (NJK) |
| v. | |
| SAMUEL DAVIS and SHAWN RICE, | |
| Defendants. | |

# ORDER

Presently before the court is the government's motion to dismiss without prejudice. (Doc. # 323 in case 2:09-cr-00078; doc. # 77 in case 2:10-cr-00520). The government moves to dismiss *pro se* defendant Shawn Talbot Rice's 28 U.S.C. § 2255 motion. (*See* doc. # 309 in case 2:09-cr-00078; doc. # 70 in case 2:10-cr-00520). Defendant filed a reply in support of his § 2255 motion. (Doc. # 324 in case 2:09-cr-00078; doc. # 84 in case 2:10-cr-00520).

On July 24, 2012, defendant was convicted by bench trial of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and 13 counts of aiding and abetting money laundering, in violation of 18 U.S.C. §§ 1956(a)(3)(A) and 2 (doc. # 285 in case 2:09-cr-00078); and of four counts of failure to appear, in violation of 18 U.S.C. § 3146(a)(1) (doc. # 60 in case 2:10-cr-00520). Sentencing is set in both cases for January 31, 2013.(Doc. # 315 in case 2:09-cr-00078; doc. # 76 in case 2:10-cr-00520).

On November 26, 2012, defendant filed a § 2255 motion in both cases. The government argues that defendant's motion is premature until such time as his convictions become final at the conclusion of direct review or expiration of the time for pursuing direct review. (Doc. # 323 in case

James C. Mahan
U.S. District Judge

2:09-cr-00078; doc. # 77 in case 2:10-cr-00520). As explained by the Eleventh Circuit in *Casaran-Rivas*,

> Section 2255's statutory construction demonstrates that § 2255 was intended to afford strictly post-conviction relief. *See* 28 U.S.C. § 2255(a), (f). First, § 2255 allows "[a] prisoner in custody under sentence of a court" to challenge that sentence, such that the statutory language itself assumes that the movant already has been sentenced. *See* 28 U.S.C. § 2255(a). Also, § 2255, and the relevant case law, instruct that the time for filing a § 2255 motion begins to run after the direct appeal process is complete, such that the statutory language suggests that pursuit of habeas relief should follow pursuit of direct-appeal relief. *See* 28 U.S.C. § 2255(f) [citation omitted]. Likewise, the reasoning cited by the courts who have held that collateral relief and direct-appeal relief cannot be pursued simultaneously, namely that the disposition of a direct appeal might render a habeas motion unnecessary, applies with equal force to pursuing habeas relief before direct-appeal relief. *See, e.g.*, [*United States v.*] *Khoury*, 901 F.2d [975,] 976 [(11th Cir. 1990).

*United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009) (unpublished) (vacating district court order that denied on the merits a § 2255 motion filed before sentencing and instructing the district court to dismiss the motion as premature); *see also* 6A FED. PROC., L. ED. § 41:479 (2012) ("[a] motion under 28 U.S.C.A. § 2255 may be utilized only to attack *a sentence* as imposed . . . .") (emphasis added).

A § 2255 motion is a motion attacking a prisoner's sentence. Here, defendant has not been sentenced. As such, the court finds defendant's motion to be premature.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's motion to dismiss *pro se* defendant Shawn Talbot Rice's 28 U.S.C. § 2255 motion (doc. # 323 in case 2:09-cr-00078; doc. # 77 in case 2:10-cr-00520) be, and the same hereby is, GRANTED without prejudice.

DATED January 22, 2013.

*[signature: James C. Mahan]*
**UNITED STATES DISTRICT JUDGE**