# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHAWN RICE,

    Defendant.

2:09-CR-78 JCM (GWF)
2:10-CR-520 JCM (GWF)

## ORDER

Presently before the court is *pro se* defendant Shawn Talbot Rice's motion to dismiss indictment. (Doc. # 339 in case 2:09-cr-00078; doc. # 97 in case 2:10-cr-00520). The government has filed a consolidated response to the motion. (Doc. # 343 in case 2:09-cr-00078; doc. # 100 in case 2:10-cr-00520).

Also before the court is defendant's motion for fifth enlargement of time (doc. # 346 in case 2:09-cr-00078; doc. # 103 in case 2:10-cr-00520), and defendant's application for order to show cause (doc. # 347 in case 2:09-cr-00078; doc. # 104 in case 2:10-cr-00520).

**I.    Motion to dismiss indictment**

Defendant challenges the sufficiency and existence of indictments in his cases. Defendant claims that "no quorum exists on the record related to the grand jury and therefore the grand jury indictment is defective and void." (Doc. # 339, 3:9-11 in case 2:09-cr-00078; doc. # 103, 3:9-11 in case 2:10-cr-00520). Defendant also questions the existence of the indictments in these two cases.

First, defendant's challenge is untimely. Defendant has already been found guilty beyond a reasonable doubt at a bench trial before this court. (*See* doc. # 285 in case 2:09-cr-00078; doc. # 60

in case 2:10-cr-00520). The time has expired to bring such motions. (*See* doc. # 73 in case 2:09-cr-00078; doc. # 9 in case 2:10-cr-00520). Additionally, a guilty verdict renders error in the presentation to the grand jury harmless beyond a reasonable doubt. *United States v. Navarro*, 608 F.3d 529, 539 (9th Cir. 2010). Second, the record accurately reflects grand jury indictments in both cases. (*See* doc. # 4 in case 2:09-cr-00078; doc. # 3 in case 2:10-cr-00520).

## II. Motion for enlargement of time

Defendant's motion is unclear what he seeks an enlargement of time for. To the extent the motion seeks to set a briefing schedule for doc. # 345 in case 2:09-cr-00078; doc. # 102 in case 2:10-cr-00520, by referencing doc. # 11 in case 2:09-cr-00078, that order was regarding *pretrial* procedure–a time period this case is well past. Second, to the extent that the motion seeks a continuance of his sentencing hearing, the motion is denied.

## III. Application for order to show cause

It appears defendant seeks an order to show cause why the laws he was prosecuted under are not unconstitutional. Defendant moves pursuant to 28 U.S.C. § 2403. The court finds the statute unsuitable for defendant's intended use, as he is neither a state nor the federal government. Further, he is already a part of the instant action and therefore cannot intervene. The court has reviewed the contents of the motion and does not find it meritorious. The motion is denied.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Shawn Talbot Rice's motion to dismiss indictment (doc. # 339 in case 2:09-cr-00078; doc. # 97 in case 2:10-cr-00520) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for fifth enlargement of time (doc. # 346 in case 2:09-cr-00078; doc. # 103 in case 2:10-cr-00520) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's application for order to show cause (doc. # 347 in case 2:09-cr-00078; doc. # 104 in case 2:10-cr-00520) be, and the same hereby is, DENIED.

. . .

Due the frivolous and voluminous nature of defendant's numerous filings with the court, **IT IS FURTHER ORDERED that defendant must request leave of the court to file any further motions with the court. The request may be no more than two-pages and must state the relief sought and the reason he is entitled to such relief. This standing order pertains to all future filings seeking relief filed with the court**, except defendant's motion pursuant to 28 U.S.C. § 2255, if he chooses to file one. Only after leave of the court has been granted may defendant file any additional motions.

DATED March 18, 2013.

_____
**UNITED STATES DISTRICT JUDGE**